**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 9 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GEORGE H. COLLINS,

    Petitioner - Appellant,

v.

LOUIS E. BRUCE and CARLA
STOVALL, Attorney General of
Kansas,

    Respondents - Appellees.

No. 02-3233
D.C. No. 00-CV-3099-DES
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining Petitioner's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This is a pro se 28 U.S.C. § 2254 prisoner habeas corpus appeal. Petitioner Mr. Collins was convicted by a jury of two counts of aggravated robbery and one count of aggravated burglary. In a direct appeal to the Kansas Court of Appeals, Petitioner raised the following three claims: (1) the trial court erred in admitting a voice identification; (2) the trial court erred in failing to instruct the jury to view certain eyewitness testimony with caution; and (3) the trial court erred by not obtaining Appellant's waiver of his right to be present while the court drafted answers to the deliberating jury's questions. Petitioner's convictions were affirmed by the Kansas Court of Appeals, and the Kansas Supreme Court denied review. In his habeas petition, Petitioner raised the same three issues that were brought before the Kansas Court of Appeals in his direct appeal. The district court found that all three of Petitioner's claims lacked merit and accordingly denied his petition. Finding no merit in any of Petitioner's arguments, the district court declined to grant him a certificate of appealability. Petitioner then applied to this court for a certificate of appealability.

In order for this court to grant a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to

deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

We have carefully reviewed Petitioner's brief, the district court's disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Petitioner's brief raises an issue which meets our standards for the grant of a certificate of appealability. For substantially the same reasons as set forth by the district court in its well-reasoned Order of May 16, 2002, we cannot say "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." Id. We **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court

Monroe G. McKay
Circuit Judge